EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| YAHIA A. HAZAIMEH, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:14-CV-813 |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on: (1) a Request That Clerk Enter a Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Default Request") (ECF No. 26); and (2) Defendants' Motion for Leave to File an Answer *Instanter* ("Motion for Leave") (ECF No. 28). The parties have not requested a hearing on this matter, and the Court finds that oral argument is unnecessary. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court DENIES the Default Request and GRANTS the Motion for Leave.

## I. <u>BACKGROUND</u>

On November 6, 2014, Plaintiffs, Yahia A. Hazaimeh and Karen A. Hazaimeh ("Plaintiff") (collectively, the "Hazaimehs"), filed a five-count Complaint in the Circuit Court of the City of Richmond, stemming from the foreclosure of their home. Defendants, U.S. Bank National Association and Ocwen Loan Servicing, LLC (collectively, the "Defendants"), removed the case to this Court on December 3, 2014, and filed their first motion to dismiss on December 10, 2014. Plaintiffs then filed an Amended Complaint on December 31, 2014, thereby mooting the Defendants' original motion to dismiss. (*See* ECF No. 11.) The three-count Amended Complaint alleges actual fraud (count one), constructive fraud (count two), and breach of the implied covenant of good faith and fair dealing (count three). Defendants subsequently filed a Motion to Dismiss the Amended Complaint on January 16, 2015. (ECF No. 12.) On March 3,

2015, this Court granted in part and denied in part that motion to dismiss. (ECF Nos. 18, 19.) Specifically, the motion to dismiss was denied as to counts one and two, but granted as to count three. (*See* ECF No. 18.) A pretrial conference was subsequently held on May 28, 2015.

Plaintiff filed the Default Request on August 12, 2015, requesting that the Clerk of Court enter a default against Defendants as to Counts One and Two of the Amended Complaint. Defendants filed a response in opposition on the same day ("Opp'n Mem. to Default Req.") (ECF No. 30). Plaintiff did not file a reply. In addition, on August 12, 2015, Defendants filed their Motion for Leave. Plaintiff filed a response in opposition to the Motion for Leave on August 26, 2015 ("Opp'n Mem. to Mot. for Leave") (ECF No. 31), and Defendants subsequently filed a reply on September 1, 2015 ("Reply Mem. to Mot. for Leave") (ECF No. 32). The Clerk of Court has yet to enter a default in this case.

## II.   <u>DISCUSSION</u>

### a.   *Default Request*

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. The Rule provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Entry of default is an interlocutory order – entered in anticipation of a final judgment – formally recognizing that a party 'has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (quoting Fed. R. Civ. P. 55(a)).

In the instant case, on March 3, 2015, the Court granted in part and denied in part Defendants' Motion to Dismiss the Amended Complaint. Specifically, the Court denied the motion as to counts one and two, but granted the motion as to count three. (ECF Nos. 18, 19.) Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants had fourteen days to file an Answer to the Amended Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A). Defendants do not

dispute that they failed to file an Answer within the requisite time period. On August 12, 2015, Plaintiffs filed the Default Request. Immediately upon recognizing their neglect, Defendants filed their response in opposition pursuant to Rules 55(c) and 6(b) of the Federal Rules of Civil Procedure.

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).[1] The Fourth Circuit has "expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citations omitted). "In the Fourth Circuit, the 'meritorious defense' and 'reasonable promptness' factors are given the most weight." *Burton v. The TJX Companies, Inc.*, No. 3:07-CV-760, 2008 WL 1944033, at *2 (E.D. Va. May 1, 2008) (citing *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

In this case, Defendants submit that each of the above-identified factors weighs in their favor. First, Defendants contend that they have a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citations omitted). In other words, "'is there some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default[?]'" *Id.* (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2697, p. 531 (2d ed. 1983)). The surviving

---

[1] Rule 55(c) applies in this case "[e]ven though no default or default judgment has been entered . . . because if an entry of default or default judgment were entered, relief could be sought under Rule 55(c)." *In re Stokes-Diggs*, No. 12-10128C-13G, 2012 WL 1622978, at *1 (M.D. N.C. May 9, 2012) (citation omitted).

claims in Plaintiffs' Amended Complaint allege that Defendants committed actual and constructive fraud when Defendants allegedly assured Plaintiffs that payment of $8,441.69 the night before a scheduled foreclosure sale would stop the foreclosure, but instead foreclosed on the property after Plaintiffs made the alleged payment. Defendants argue that their records "indicate that Defendants clearly told Plaintiffs that they payment may not be accepted and that there was no hold on the foreclosure sale." (Opp'n Mem. to Default Req. at 3.) If true, this would obviously be "lethal to Plaintiffs' claims for fraud." (*Id.*)

Next, with regards to Defendants' "reasonable promptness," there can be no question that Defendants acted immediately upon recognizing their neglect. Defendants' response in opposition to the Default Request as well as Defendants' Motion for Leave were filed within hours of Plaintiff's filing. Accordingly, Defendants satisfy this factor. *See Colleton Preparatory Academy, Inc.*, 616 F.3d at 418 (finding reasonable promptness when Defendant "acted within nine days after its counsel learned of the existence of the case").

As to the personal responsibility of the defaulting party, Defendants are blameless; culpability rests with their counsel. Counsel acknowledges that it inadvertently failed to file a timely responsive pleading. Because "[t]he Fourth Circuit has ruled that a party should not be penalized by a default judgment for his attorney's errors," *Burton*, 2008 WL 1944033, at *4 (citation omitted), this factor also weighs in favor of Defendants.

Defendants then argue that there is no prejudice to Plaintiffs. The Fourth Circuit has noted that "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Academy, Inc.*, 616 F.3d at 418 (citation omitted). In addition, "no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419. Rather, "to determine if the non-defaulting party was prejudiced, courts examine whether the delay: made it impossible for the non-defaulting party to present some of its evidence; made it more difficult for the non-defaulting party to proceed with trial; hampered the non-defaulting party's ability to complete

discovery; and was used by the defaulting party to collude or commit a fraud." *Burton*, 2008 WL 1944033, at *4 (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952–53 (4th Cir. 1987)).

Here, Defendants submit that the parties have been actively litigating this lawsuit and engaging in settlement negotiations during the past five months. (*See* Opp'n Mem. to Default Req. at 5.) Because Plaintiffs did not file a reply to Defendants' opposition brief, and because the record does not readily demonstrate prejudice, the Court will not infer that Plaintiffs were prejudiced from Defendants' delay in filing.

Finally, as to whether there is a history of dilatory action, "[d]ilatory actions include, but are not limited to, stalling and ignoring a court's direct order." *Burton*, 2008 WL 1944033, at *4 (citation omitted). In this case, there is no evidence that Defendants have a history of committing dilatory actions. Moreover, all of Defendants' filings, save their answer, have been timely.

In sum, each of the *Payne* factors weighs in favor of Defendants. Therefore, Plaintiff's Default Request is DENIED.

### b. *Motion for Leave*

As noted above, it is undisputed that Defendants failed to file an Answer within the required time period. Thus, the Court must determine whether Defendants are entitled to an extension of time to file their Answer.

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Fourth Circuit has stated that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be.'" *Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including 'the danger of

prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Gilyard v. Northlake Foods, Inc.*, 367 F. Supp. 2d 1008, 1010 (E.D. Va. 2005) ("*Pioneer* stands not for a rule, but for an equitable weighing of factors."). The most important factor for the court to consider is the untimely party's reason for the delay. *Thompson*, 76 F.3d at 534. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Stronach v. Va. State Univ.*, 577 F. Supp. 2d 788, 789 (E.D. Va. 2008) (citation and internal quotation marks omitted) (holding "Defendants' failure to file a timely Bill of Costs amount[ed] to nothing more than inexcusable inattentiveness by counsel," and thus finding "no reasonable basis to extend their time to file a Bill of Costs"). "Merely establishing these elements does not entitle a party to relief, however, as the decision whether to grant an enlargement of time still remains committed to the discretion of the district court." *Smith v. EVB*, No. 3:09-CV-554, 2010 WL 4723768, at *3 (E.D. Va. Nov. 15, 2010) (citations and internal quotation marks omitted).

Here, Defendants argue that their "oversight in failing to file their Answer can be construed as excusable neglect." (Mem. in Supp. of Mot. for Leave at 3.) Defendants contend that "[t]here is no prejudice to Plaintiff because no depositions have occurred, written discovery has not yet been completed, and the Parties have been actively engaged in settlement negotiations despite the fact that and [sic] Answer has not yet been filed." (*Id.*) In opposition, Plaintiff argues that the danger of prejudice is high in part because Defendants' proposed Answer amounts to a "wholesale denial of the amended complaint," (Opp'n Mem. to Mot. for Leave at 3), and "[h]as been filed more than four months after the deadline," (*id.* at 4).

Although the delay in filing was a result of defense counsel's mere inadvertence, the Court will still allow Defendants to file their proposed Answer. First, in addressing the uncontested factor of the analysis, Plaintiff concedes that "[t]he good faith of counsel for the

Defendants is without question in this proceeding (and all others)." (Opp'n Mem. to Mot. for Leave at 5.)

Next, with regards to the length of the delay and its potential impact on judicial proceedings, Defendants submitted their proposed Answer more than four months after the deadline. *See* Fed. R. Civ. P. 12(a)(4)(A). Despite this lengthy delay, judicial proceedings will not be greatly impacted. As Defendants note, "the parties have held a pre-trial conference, engaged in written discovery, designated expert witnesses, noticed depositions, and engaged in settlement discussions." (Reply Mem. to Mot. for Leave at 4.) A jury trial in this case does not begin until November 9, 2015, and discovery will not be completed until forty-one days prior to trial. (*See* ECF No. 23.)

With regards to the danger of prejudice to the nonmoving party, Plaintiff argues that Defendants' proposed Answer "[a]mounts to a wholesale denial of the amended complaint." (Opp'n Mem. to Mot. for Leave at 3.) However, as noted above, "no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Colleton Preparatory Academy, Inc.*, 616 F.3d at 419. In addition, Plaintiffs still have sufficient time to conduct discovery, and the parties have been actively engaged in discovery and settlement negotiations.

Thus, the first four factors of the analysis weigh in favor of Defendants. However, the last factor of the analysis, Defendants' reason for the delay, counsels against a finding in favor of Defendants because oversight and inadvertence do not usually constitute excusable neglect. *See Pioneer*, 507 U.S. at 392.

In sum, the balancing of the relevant factors establishes excusable neglect so as to permit Defendants to answer out-of-time. Although Defendants lack a sufficient reason for their delay, "the Supreme Court's holding in *Pioneer* makes clear that, even where an attorney is 'remiss' in allowing a deadline to pass (i.e., lacks an acceptable reason for his or her oversight), a court may find excusable neglect when the record lacks 'any evidence of prejudice to [the opposing party]

or to judicial administration in th[e] case, or any indication at all of bad faith.'" *Peche v. Keller*, No. 1:11CV362, 2012 WL 2128095, at *9 (M.D. N.C. June 12, 2012) (quoting *Pioneer*, 507 U.S. at 398). Defendants submit that the parties have made "[s]ignificant progress . . . toward settlement as Plaintiffs have provided a settlement demand to Defense counsel which has been conveyed to Defendants," and "Defendants remain confident that this case may be resolved prior to trial." (Reply Mem. to Mot. for Leave at 5.) With this in mind, Defendants have clearly acted in good faith, Plaintiffs have not suffered prejudice, and judicial proceedings have not been affected. For those reasons, the Court GRANTS the Motion for Leave.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the Default Request is DENIED and the Motion for Leave is GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order will issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __8th____day of September 2015.

8